Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GLENN IACOVETTA, an Individual, <br><br>                         Plaintiff, <br><br>v. <br><br>MT. BACHELOR LLC, dba MT. BACHELOR SKI AND SUMMER RESORT, a corporation, and POWDR CORPORATION, a foreign corporation, <br><br>                        Defendants. | Case No. <br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)** <br><br>Prayer: $500,000.00 <br><br>NOT SUBJECT TO MANDATORY ARBITRATION <br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Glenn Iacovetta, through counsel, and files this Complaint for Damages against the above-named Defendants. Plaintiff alleges as follows:

**INTRODUCTION**

This case addresses the ongoing controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation. This case is also about the Plaintiff and the unlawful discrimination that he was subjected to at the hands of his employers,

Mt. Bachelor Ski and Summer Resort and POWDR Corporation, both as a person with a medical condition that qualifies as a disability, and as a person with sincere, deeply held religious beliefs that prevented him from taking the COVID-19 vaccine.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Glenn Iacovetta, lives in Deschutes County, Oregon.

2.

Defendant Mt. Bachelor Ski and Summer Resort (Mt. Bachelor) is a corporation with more than 100 employees that does regular, sustained business activity in the State of Oregon.

3.

Mt. Bachelor Ski and Summer Resort is owned by Defendant POWDR Corporation, based out of Park City, Utah. Defendant POWDR Corporation owns ski resorts across the country and is a corporation with more than 500 employees.

4.

Plaintiff exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about July 22, 2022 that was dated July 7, 2022.

5.

At all times material to this Complaint, Plaintiff was a resident of Deschutes County, Oregon.

6.

At all times material to this Complaint, Defendants Mt. Bachelor Ski and Summer Resort and POWDR Corporation were regularly conducting business in the State of Oregon.

7.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

Page 2 –COMPLAINT FOR DAMAGES

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

## STATEMENT OF FACTS

8.

Plaintiff was hired in October 2021 by Defendant Mt. Bachelor Ski and Summer Resort (Mt. Bachelor) as a ski instructor. Plaintiff's role as a ski instructor would have placed him working outside for virtually the entirety of his employment.

9.

At the time Plaintiff was terminated by Defendants, he was making $15.75 hourly, not including overtime pay and bonuses.

10.

Plaintiff has a permanent medical condition that qualifies as a disability under ORS 659A.103, that makes it impossible for him to take the COVID-19 vaccine.

11.

Plaintiff is also a devoutly religious member of the Christian faith who endeavors always to follow the teachings of Christ.  Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with his work requirements.

12.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident.

13.

In the summer of 2021, Defendants announced their intent to impose a COVID-19 vaccine mandate. Plaintiff, as someone with a permanent medical condition that would not allow him to take the COVID-19 vaccine, and as a devout Christian, who did not believe it was consistent with his faith to take the vaccine, applied for medical and religious exceptions to the vaccine mandate.

14.

Plaintiff was informed that, despite having two separate, legitimate bases to be exempted from taking the COVID-19 vaccine, that he would not be allowed to request exemptions from the vaccine.

15.

Defendants allowed exceptions to the vaccine mandate for some employees, but under Section 3.5.5 of the Mt. Bachelor policy, attached as Exhibit 1 to this Complaint, the role of ski instructor was among a limited number of other employees deemed ineligible to apply for an exception to the vaccine.

16.

There was no rational basis for excluding the role of ski instructor from Mt. Bachelor's policy exceptions to the vaccine. The Defendants' policies defied what at the time was the most current information about the transmission of COVID-19, particularly the Delta variant of the virus. Outdoor transmission of the virus is extremely rare.

17.

Ultimately, Plaintiff was terminated on December 14, 2021 as a direct consequence of his inability to take the COVID-19 vaccine.

18.

Plaintiff's termination date should be treated as December 14, 2021, based on the Defendants' termination of Plaintiff's pay.

19.

Upon information and belief, the Defendants' adverse employment actions against Plaintiff were not, as they claimed, to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on his disability and his sincerely held religious beliefs and an unacceptable retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendants that would not have resulted

in an undue burden on them that they failed to pursue. Instead, Defendants took the most drastic employment action they could against Plaintiff with an unlawful discriminatory intent.

20.

Because of the Defendants' unlawful termination of Plaintiff, Plaintiff has suffered economic loss and severe emotional distress. He has also been ostracized and stigmatized unfairly for his medical disability and his religious convictions.

## FIRST CLAIM FOR RELIEF

### (Unlawful Employment Discrimination Based on Religion in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

22.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendants' COVID-19 vaccine mandate.

23.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendants failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19.

24.

Instead of finding a reasonable accommodation or set of accommodations for his religious beliefs, the Defendants engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by

Defendants as outlined above was a proximate cause of Plaintiff's wrongful termination.

25.

As a result of Defendants' violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $100,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

26.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

27.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendants' COVID-19 vaccine mandate.

28.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendants failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to work with PPE, regular testing, and other measures to protect against the spread of COVID-19.

29.

Instead of finding reasonable accommodation or set of accommodations for his religious beliefs, the Defendants engaged in a series of adverse employment actions culminating in

Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendants as outlined above was a proximate cause of Plaintiff's wrongful termination.

30.

As a result of Defendants' unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $100,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## THIRD CLAIM FOR RELIEF

**(Unlawful Discrimination in Contravention of the Americans with Disabilities Act of 1990, Pub. L. 101-336. 26 July 1990. 104 Stat. 328)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

31.

Plaintiff is a member of a protected class on the basis of his disability, which is a chronic and serious medical condition that prevents him from taking the COVID-19 vaccine.

32.

The Defendants could have accommodated the Plaintiff's disability, but they failed to do so by choice.

33.

When Plaintiff raised his disability that prevented him from taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's disability. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19.

34.

Instead of finding reasonable accommodation or set of accommodations to address Plaintiff's disability, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's

disability Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

35.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $100,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 14th day of October, 2022.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff